UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENNA RENEE VILLALOVOS,  )
                                                              ) CASE NO. C11-1651-RSM-MAT
        Plaintiff,                          )
                                                              )
     v.                                       ) REPORT AND RECOMMENDATION
                                                              )
MICHAEL J. ASTRUE, Commissioner of )
Social Security, )
                                                              )
        Defendant.                      )
_____ )

      Plaintiff Denna Renee Villalovos appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her application for Supplemental Security Income ("SSI") under Title XIV of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

## I. FACTS AND PROCEDURAL HISTORY

      Plaintiff was born in 1964 and was 43 years old on the date her application was filed. (Administrative Record ("AR") at 22.) She has a seventh grade education. (AR 299.) Her

past work experience includes employment as a hand packager, store laborer, and home attendant. (AR 21, 78, 247-49.) On April 30, 2008, she applied for SSI, alleging disability beginning on March 1, 2005. (AR 14.) Plaintiff asserts she is disabled due to chronic lumbar strain, depression, and panic disorder with agoraphobia. (AR 16, 295.)

The Commissioner denied plaintiff's claim initially and on reconsideration. (AR 127-30, 136-37.) Plaintiff requested a hearing, which took place on January 12, 2010. (AR 37-105.) On April 24, 2010, the ALJ issued a decision finding plaintiff not disabled. (AR 14-23.) Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council (AR 1-5) making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On October 4, 2011, plaintiff timely filed the present action challenging the Commissioner's decision. (Dkt. No. 1.)

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant has engaged in substantial gainful activity. The ALJ found plaintiff had not engaged in substantial gainful activity since April 30, 2008, the application date. (AR 16.) At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found plaintiff had the following severe impairments: chronic lumbar strain, depression, and panic disorder with agoraphobia. *Id*. Step three asks

whether the claimant's impairments meet or equal the criteria of a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal a listed impairment. *Id.* If the claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff had the physical capacity to perform light work, except she is able to remember, understand, and carry-out simple and detailed, but not complex instructions or tasks. She can have occasional face-to-face interactions with co-workers, supervisors, and the general public, and has no restrictions regarding telephone interaction. (AR 18.) With that assessment, the ALJ found plaintiff was unable to perform her past work. (AR 21.)

If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. The ALJ determined there were jobs that existed in significant numbers in the national economy that plaintiff could perform, such as final assembler, telephone solicitor, document scanner, cleaner housekeeper, and mail clerk. (AR 22-23.) Accordingly, the ALJ concluded plaintiff was not disabled. (AR 23.)

Plaintiff argues the ALJ's decision should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the opinions of examining psychiatrist Paul Michels, M.D., and non-examining psychiatrists Eugene Kester, M.D., and Steven Haney, M.D.; and (2) in finding she could work as a telephone solicitor.

(Dkt. No. 16.) The Commissioner argues that the ALJ's decision is supported by substantial evidence, is free of legal error, and should be affirmed. (Dkt. No. 20.)

A. Medical Opinion Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Rather than merely stating his conclusions, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

      1. *Paul Michels, M.D.*

Consultative psychiatrist Paul Michels, M.D., examined plaintiff on February 8, 2007, for the Washington State Social Security Disability Determination Services ("DDS"). (AR 466-71.) Dr. Michels diagnosed plaintiff with Major Depressive Disorder, Recurrent, Moderate, and Probable Panic Disorder with Agoraphobia. (AR 470.) He noted that there

REPORT AND RECOMMENDATION
PAGE -4

was no evidence to support a diagnosis of attention-deficit disorder, and that plaintiff's focus and concentration problems were likely symptoms of her depression and anxiety rather than a separate disorder. *Id*. Dr. Michels opined,

> At present the claimant's focus and concentration appear fair. <u>Pace and persistence seem moderately impaired</u>. She probably has the intellectual capacity to understand, remember and follow complicated or simple instructions. <u>Her depression and anxiety may create occasional difficulty completing specific tasks in a timely or consistent manner</u>. Interactions with others may be mildly to moderately impaired by her depression and anxiety. Stress might cause transient worsening in her symptoms.

(AR 470-71 (emphasis added).)

Plaintiff argues that although Dr. Michels reported her "pace and persistence seem[ed] moderately impaired," the ALJ found no reduction in plaintiff's pace and persistence. In addition, while Dr. Michels reported that plaintiff's "depression and anxiety may create occasional difficulty completing specific tasks in a timely or consistent manner," the ALJ recognized no difficulty in completing specific tasks in a timely or consistent manner. Plaintiff contends that although the ALJ gave "substantial weight" to Dr. Michels' opinion, he failed to recognize that Dr. Michels opined that plaintiff was more limited in those two ways. (AR 20.) Plaintiff asserts, "because the ALJ did not recognize that Dr. Michels opined that [she] was significantly more limited in those way[s], the ALJ did not provide legally sufficient reasons for implicitly rejecting Dr. Michels's opinions about them." (Dkt. No. 16 at 9.)

The Commissioner claims plaintiff merely argues for a different interpretation of the medical evidence. Dkt. No. 20 at 5-7. The Commissioner also asserts that Dr. Michels was equivocal about whether plaintiff "may" have difficulty completing tasks, and that the ALJ is responsible for resolving ambiguities in the medical evidence. *Id*. at 5. The Commissioner

contends that the ALJ properly considered Dr. Michels' opinion and accounted for it in the RFC assessment. *Id*. at 7.

The record is silent on why the ALJ ignored Dr. Michels' opinion that plaintiff's persistence and pace were moderately impaired, or his opinion that plaintiff may have occasional difficulty completing specific tasks in a timely or consistent manner. Perhaps it was for the reasons urged by the Commissioner. However, the ALJ did not provide these reasons. It is just as probable that the ALJ overlooked these restrictions. In any event, the ALJ erred by reaching the conclusion that plaintiff could perform simple and detailed tasks without taking into account the restrictions mentioned by Dr. Michels, or providing specific and legitimate reasons for rejecting them. Accordingly, substantial evidence does not support the ALJ's RFC assessment, or the hypothetical question to the vocational expert upon which the ALJ relied. On remand, the ALJ must reassess the opinions of Dr. Michels.

    2. *Eugene Kester, M.D., and Steven Haney, M.D.*

On July 7, 2008, DDS psychiatrist Eugene Kester, M.D., reviewed plaintiff's records and completed a mental residual functional capacity assessment ("MRFC"). (AR 674-76.) Dr. Kester opined as follows:

> A: Able to understand and remember more simple instructions required in unskilled work.
> B: <u>Lapses in CPP [concentration, persistence, and pace] may interfere with ability to carry out detailed instructions, maintain attention for extended periods and keep a normal schedule.</u> [Claimant] able to maintain concentration levels for unskilled work.
> C: Able to work with the general public on a superficial level. Able to maintain coworker relations on a work related level.
> D: No adaptive limitations noted.

(AR 676 (emphasis added).) On September 27, 2008, Steven Haney, M.D., reviewed all of the

REPORT AND RECOMMENDATION
PAGE -6

evidence, and affirmed Dr. Kester's assessment as written. (AR 742.)

The ALJ specifically noted that Dr. Kester found plaintiff had "moderate limitations in . . . concentration, persistence, and pace," and purportedly accorded "substantial weight" to Dr. Kester's opinion. (AR 21.) However, the RFC failed to take into account Dr. Kester's opinion that plaintiff may have lapses in concentration, persistence, and pace interfering with her ability to carry out detailed instructions. (AR 21, 676.) Moreover, the RFC specifically indicated that plaintiff had the ability to "remember, understand, or carry out simple and *detailed*, but not complex instructions or tasks." (AR 18 (emphasis added).)

Plaintiff argues that the ALJ failed to give legally sufficient reasons for implicitly rejecting Dr. Kester's opinion that plaintiff may have lapses in persistence or pace interfering with her ability to carry out detailed instructions. (Dkt. No. 16 at 12.) The Commissioner claims that the ALJ properly addressed the opinions of Drs. Kester and Haney, and accounted for all credible limitations in the RFC assessment. (Dkt. No. 20 at 8.) The Commissioner does not cite any part of the ALJ's decision wherein he found the opinions of Drs. Kester and Haney not credible. Plaintiff describes the Commissioner's response as proffering improper post hoc rationalizations. The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009). The ALJ here adopted an RFC that appears contrary to Dr. Kester's opinion without adequately explaining why the ALJ's assessment rather than the doctor's was correct. The Commissioner's post hoc explanation, even if correct, is insufficient to cure the ALJ's error. On remand, the ALJ must reassess the opinions of Drs. Kester and Haney.

B. <u>Step Five</u>

At step five, the ALJ relied on vocational expert testimony to conclude that plaintiff could perform other jobs in the national economy, such as final assembler (with 86,000 national jobs and 187 Washington jobs), telephone solicitor (with 197,000 national jobs and 7,100 Washington jobs), document scanner (with 1,700 national jobs and 175 Washington jobs), cleaner housekeeper (with 525,000 with national jobs and 5,700 Washington jobs), and mail clerk (with 15,000 national jobs and 360 Washington jobs). (AR 22-23.)

Plaintiff argues that she could not work as a telephone solicitor given the ALJ's RFC assessment. (Dkt. No. 16 at 14-15.) Specifically, plaintiff contends that because the ALJ's RFC assessment limited her to "occasional face-to-face interaction with . . . supervisors," she could not tolerate the continuous supervision during the training period needed to work as a telephone solicitor. (AR 18, 87, 89.) The Commissioner does not dispute that the telephone solicitor job was inconsistent with the ALJ's RFC assessment, but argues there was no harmful error because the ALJ identified four other jobs that exist in significant numbers in the national economy that plaintiff could perform. (Dkt. No. 20 at 9-10.) As the Commissioner does not dispute that the telephone solicitor job was inconsistent with the ALJ's RFC assessment, on remand, the ALJ should not again find that plaintiff could work as a telephone solicitor.

Because the Court recommends remand for further consideration of the medical evidence, the ALJ will necessarily have to reassess plaintiff's RFC and conduct a new step five analysis that incorporates any changes in plaintiff's RFC. If the ALJ's RFC assessment is revised, the ALJ will also call a VE to testify about jobs that may exist with a properly framed hypothetical that incorporates all of plaintiff's limitations.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings not inconsistent with this Report and Recommendation.

DATED this <u>3rd</u> day of May, 2012.

Mary Alice Theiler
United States Magistrate Judge